Slip Op. 01 - 74

UNITED STATES COURT OF INTERNATIONAL TRADE

```
- - - - - - - - - - - - - - - - - - - x
NEENAH FOUNDRY CO.; ALHAMBRA FOUNDRY
INC.; ALLEGHENY FOUNDRY CO.; DEETER    :
FOUNDRY INC.; EAST JORDAN IRON WORKS,
INC.; LEBARON FOUNDRY INC.; MUNICIPAL  :
CASTINGS, INC.; and U.S. FOUNDRY &
MANUFACTURING CO.,                     :

                      Plaintiffs,   :   Court No. 99-07-00441

             v.                     :

                                    :

THE UNITED STATES,
                                    :
                      Defendant.
- - - - - - - - - - - - - - - - - - - x
```

Memorandum

[ITA final results of redetermination
 pursuant to court remand affirmed.]


                                    Decided:  June 20, 2001


    Collier Shannon Scott, PLLC (Paul C. Rosenthal and Robin H. Gilbert) for the plaintiffs.

    Stuart E. Schiffer, Acting Assistant Attorney General; David M. Cohen, Director, and Velta A. Melnbrencis, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; and Office of Chief Counsel for Import Administration, U.S. Department of Commerce (Robert E. Nielsen), of counsel, for the defendant.


        AQUILINO, Judge:  This court's slip opinion 01-37, 25 CIT

___, ___ F.Supp.2d ___ (April 2, 2001), familiarity with which is

presumed, denied plaintiffs' motion for judgment herein upon the

record compiled by the International Trade Administration, U.S.

Department of Commerce ("ITA") sub nom. Final Results of Expedited

Sunset Review: Iron Metal Castings From India, 64 Fed.Reg. 30,316

(June 7, 1999), amended, 64 Fed.Reg. 37,509 (July 12, 1999), except

for remand to that agency

> for *reconsideration* of the subtraction of IPRS from the
> net countervailable subsidy without having considered the
> method of that program's alleged termination or the like-
> lihood of its reinstatement in the absence of any prior
> administrative determination of that issue.[1]

The defendant has now duly filed its <u>Final Results of
Redetermination Pursuant to Court Remand</u> (May 25, 2001), the
summary of which on page 1 thereof is that

> we have reconsidered the exclusion of the IPRS from the
> net countervailable subsidy, by considering the method by
> which the IPRS program was terminated and the likelihood
> of its reinstatement in the absence of any prior adminis-
> trative determination of this issue.  Based on our
> reconsideration in accordance with the Court's instruc-
> tions, we continue to find that the IPRS program has been
> terminated and continue to exclude it from the net
> countervailable subsidy.

Footnotes omitted.  This conclusion draws upon the premise that

> it is reasonable to conclude that when a program is
> initiated through the action of a government agency, it
> is rational to expect that that program would also be
> eliminated through agency action, rather than by legisla-
> tive action.

<u>Final Results</u>, p. 7.  Furthermore,

> evidence indicating that a significant period of time had
> passed since the elimination of a program, without that
> program being re-instituted, provides a strong basis for
> concluding that the government is not likely to reinstate
> the program.  . . . [I]n this case, Commerce has found no
> evidence in administrative reviews conducted for periods
> subsequent to the effective date of the elimination of

---

[1] Slip Op. 01-37, pp. 39-40 (emphasis added).  The acronym *IPRS*
derives from India's International Price Reimbursement Scheme.

the IPRS program that the IPRS program has been re-insti-
tuted.

Id. at 8.

I

The statutory standard governing judicial review of this

case continues to be that any determination is unlawful if found to

be arbitrary, capricious, and abuse of discretion, or otherwise not

in accordance with law.  19 U.S.C. §1516a(b)(1)(B)(ii) (1995).  See

19 U.S.C. §1516a(a)(1)(D) (1995); Slip Op. 01-37, pp. 6-7, 25 CIT

at ___, ___ F.Supp.2d at ___.

The plaintiffs renew the pursuit of relief under this

standard, arguing now that, for the ITA

> to make a finding of termination in this remand determi-
> nation, Commerce would have to be able to find that,
> during a proceeding in which this issue was addressed on
> the merits and plaintiffs were given an opportunity to
> comment on the evidence put forth by the Indian respond-
> ents (as well as submit any evidence of their own),
> Commerce had reached a formal determination of this
> issue.

Plaintiffs' Comments on Remand Results, p. 6 (June 5, 2001).  They

maintain that, if

> a respondent had claimed during an administrative review
> that the IPRS program was more than simply "not used,"
> Commerce would have considered the issue on its merits,
> taken evidence from all parties to the review, and all
> information would be subject to verification.  . . .
> Commerce has neither considered the issue on its merits
> before, nor has the domestic industry had any opportunity
> to present evidence of its own.

Id. at 7.

A

Procedurally, this position is tenuous, given the number of administrative reviews conducted prior hereto by the ITA under 19 U.S.C. §1675, and with the apparent, active participation of the plaintiffs herein therein.  See, e.g., Certain Iron-Metal Castings From India; Final Results and Partial Rescission of Countervailing Duty Administrative Review, 63 Fed.Reg. 64,050, 64,051 (Nov. 18, 1998) (IPRS "not used" during 1996 period of review); Certain Iron-Metal Castings From India; Final Results of Countervailing Duty Administrative Review, 62 Fed.Reg. 32,297, 32,299 (June 13, 1997) (IPRS "not used" during 1994); Certain Iron-Metal Castings From India: Final Results of Countervailing Duty Administrative Review, 61 Fed.Reg. 64,676, 64,677 (Dec. 6, 1996) (IPRS "not used" during 1993 period of review); Certain Iron-Metal Castings From India: Preliminary Results of Countervailing Duty Administrative Review, 60 Fed.Reg. 44,839, 44,842 (Aug. 29, 1995) (IPRS "not used" during 1992).  Indeed, at least two of these administrative reviews were stated to have been at the behest of the domestic producers, plaintiffs herein.  See Certain Iron Metal Castings From India: Preliminary Results of Countervailing Duty Administrative Review, 61 Fed.Reg. 25,623 (May 22, 1996); ibid., 60 Fed.Reg. at 44,839.

Moreover, prior to filing the Final Results now contested herein, the defendant moved this court for an extension of time within which to file on the stated ground that the ITA had

decided that additional information would be helpful in resolving the [IPRS] issue.  Commerce personnel will be traveling to India to conduct a verification with respect to another order beginning the week of May 14, 2001, and returning around June 4, 2001.  During this time, the personnel will have an opportunity to verify whether the IPRS program has been terminated.  Upon their return, Commerce will prepare a verification report which it will make available to the parties.  They will then be given time to submit whatever comments they wish to make on the issue.  After considering the comments, Commerce will reconsider whether the IPRS program has been terminated, the method of termination, and the likelihood of its reinstatement.  Commerce anticipate[s] that it will be in a position to report the results of its reconsideration upon remand by June 29, 2001.[2]

The plaintiffs opposed this motion, arguing, among other things, that the ITA was precluded from reopening its administrative record, in part, because "it . . . would be directly contrary to Commerce's sunset regulations."  Plaintiffs' Opposition to Defendant's Motion for Extension of Time to Complete Remand, p. 2, and citing 19 C.F.R. §351.218(e)(1)(ii)(C) (1999), to wit:

> *Inadequate response from respondent interested parties.*  If the Secretary determines that respondent interested parties provided inadequate response to a notice of initiation . . ., the Secretary:
>
> * * *
>
> (2) Normally will conduct an expedited sunset review and . . . issue, without further investigation, final results of review based on the facts available in accordance with §351.308(f) . . ..

---

[2] Defendant's Motion for Extension of Time to Complete Remand, p. 2.

Given the facts and circumstances of this case, the court concluded that this opposition to defendant's motion by the plaintiffs was well-taken, whereupon it was denied, and the Final Results were filed without further ado.

B

Now, the plaintiffs argue that those Final Results contain "no analysis, nor reasoned explanation, of whether [a] single document is sufficient evidence of [IPRS]'s termination for purposes of the sunset law."  Plaintiffs' Comments on Remand Results, pp. 5-6.  That is, the

> only fact supporting Commerce's determination is a self-serving statement from the Indian Ministry of Commerce saying the IPRS program was "withdrawn" - a statement placed in the record of an administrative review in which the issue of the program's termination was not raised, briefed, nor became the basis of a determination by Commerce.

Id. at 12.  But the Final Results note at page 8 that this withdrawal occurred "prior to the [Uruguay Round Agreements Act] URAA effective date and several years before the November 1998 initiation of the sunset review of the CVD order on the iron-metal castings."  In other words, the letter hardly issued in conjunction with this five-year review.

The plaintiffs also claim that "the record . . . does not support a finding that there is no likelihood of the IPRS program

being reinstated"[3], stating that the ITA's "findings solely of 'non-use' over the life of this order as evidence that the IPRS has not been re-instituted" are insufficient to support its determination that the program is unlikely to be reinstated in the event of revocation.  Id. at 14.  They contend that it

> is of limited probative value in Commerce's analysis for it to look only for evidence of reinstatement after a program is allegedly terminated.  . . . [E]ven though Commerce has found no evidence of reinstatement prior to the sunset review, that could just as well indicate that the Indian government is not so foolish as to reinstitute such a significant export subsidy just in time for it to be counted in a sunset subsidy rate projection.

Id. at 13 (emphasis in original).

        In fact, this determination is consistent with others of the ITA.  See, e.g., Final Results of Expedited Sunset Review: Stainless Steel Wire Rod From Spain, 65 Fed.Reg. 6,166, 6,169 (Feb. 8, 2000) (finding that subsidy programs are not likely to be reinstated based on "prior findings regarding the termination of [the programs] and  . . . lack of evidence to the contrary"); Final Results of Full Sunset Review: Live Swine From Canada, 64 Fed.Reg. 60,301, 60,302-03 (Nov. 4, 1999) (finding four subsidy programs terminated with no likelihood of reinstatement where the ITA had not found any grounds for reconsideration of the programs or their termination in any administrative review since their termination).

---

[3] Plaintiffs' Comments on Remand Results, p. 8.

The plaintiffs offer neither authority for the proposition that there is a "greater evidentiary burden"[4] for a finding of no likelihood of reinstatement nor an example of what would constitute satisfactory evidence in a case such as this. In the sunset review of the order covering live swine from Canada, supra, the court notes that the petitioners claimed that "the governments have demonstrated a pattern of eliminating and then replacing pork subsidy programs with new ones". Preliminary Results of Full Sunset Review: Live Swine From Canada, 64 Fed.Reg. 34,209, 34,210 (June 25, 1999). But the ITA found no likelihood of reinstatement because "the record does not indicate a connection between the programs that have been terminated and the new programs." Id. at 34,213.

Here, IPRS was not only "withdrawn" some five years before the sunset review at bar was initiated, it was "not used" for several years[5] prior thereto. See Final Results, Attachment 1; Final Results of Countervailing Duty Administrative Review: Certain

---

[4] Id. at 10.

[5] It should also be noted that the ITA's policy bulletin provides that

> where a company has a long track record of not using a program, including during the investigation, the Department normally will determine that the mere availability of the program does not, by itself, indicate likelihood of continuation or recurrence of a countervailable subsidy.

Policies Regarding the Conduct of Five-year ("Sunset") Reviews of Antidumping and Countervailing Duty Orders; Policy Bulletin, 63 Fed.Reg. 18,871, 18,874 (April 16, 1998).

Iron-Metal Castings From India, 56 Fed.Reg. 52,521, 52,527 (Oct.

21, 1991) ("we verified in the 1987 review that the Government of

India officially terminated the IPRS program with respect to

exports of the subject merchandise to the United States"); Certain

Iron-Metal Castings From India; Final Results of Countervailing

Duty Administrative Review, 55 Fed.Reg. 50,747, 50,750 (Dec. 10,

1990) ("At verification, we established that the EEPC stopped

accepting any IPRS claims filed on shipments of the subject

merchandise exported to the United States after July 1, 1987").  As

stated by the ITA,

> there may be instances where . . . a brief period without
> reinstatement of a program is too short a time to
> conclude that a government is not likely to reinstate the
> program.  This is particularly true with respect to
> orders issued after the January 1, 1995, effective date
> of the URAA which instituted the sunset review process.
> In those cases, a government may rescind a program in a
> period preceding the initiation of the sunset review of
> an order, with the intent of reinstating the program
> should the order be revoked.  In the case of both the
> IPRS and the CCS programs, the Indian Ministry of
> Commerce terminated the programs prior to the URAA
> effective date and several years before the November 1998
> initiation of the sunset review of the CVD order on iron-
> metal castings.  Consequently, in this case, we find it
> reasonable to conclude that a sufficient period of time
> has lapsed to indicate that the Indian Ministry of
> Commerce is not likely to reinstate the IPRS program.

Final Results, p. 8.  This court concurs.


                                II

        In the light of the foregoing, the court cannot and

therefore does not conclude that defendant's Final Results of Re-

<u>determination Pursuant to Court Remand</u> (May 25, 2001) are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Hence, they should be affirmed. Judgment will enter accordingly.

Decided: New York, New York
      June 20, 2001

_____
                    Judge